UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ANTHONY LOVELL, II,<br><br>Petitioner,<br><br>v.<br><br>N. McDOWELL,<br><br>Respondent. | No. 2:20-cv-194 EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner who, proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has filed an application to proceed in forma pauperis (ECF No. 3) which makes the required showing and will be granted. However, his petition (ECF No. 1), for the reasons stated below, does not state a viable claim.

I.   Legal Standards

The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1),(2). The court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4, Rules Governing Section 2254 Cases.

/////

/////

1

II. <u>Analysis</u>

Petitioner raises only a single claim in his petition: that a felony for which he was convicted in California state court should, under section 17(b) of the California Penal Code, have been classified as a misdemeanor. ECF No. 1 at 1, 5. This claim necessarily fails. It sounds only in state law. "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing law does not justify federal habeas relief." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994). Petitioner has not articulated any facts indicating that his sentence was fundamentally unfair. Thus, this petition must be dismissed.

III. <u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Petitioner's application to proceed in forma pauperis (ECF No. 3) is GRANTED; and

2. The Clerk of Court shall randomly assign a United States District Judge to this case.

Further, it is RECOMMENDED that the petition (ECF No. 1) be DISMISSED for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: April 23, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE